UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

UNITED STATES OF AMERICA

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: July 12, 2021

20-CR-415 (KMW)

**ORDER**

      v.

SAIQUAN ROBINSON,

      Defendant.
----------------------------------------------------------------X

KIMBA M. WOOD, United States District Judge:

On July 7, 2021, the Government moved to preclude Defendant Saiquan Robinson from cross-examining New York Police Department ("NYPD") Detective Jared Tepperman, NYPD Detective Hugh Stanton, and NYPD Officer Robert Sinishtaj at trial on three topics: (1) the Civilian Complaint Review Board's ("CCRB") substantiation of a complaint against Detective Tepperman alleging that, on March 12, 2011, he frisked an individual without reasonable suspicion; (2) the naming of each of Detective Tepperman, Detective Stanton, and Officer Sinishtaj in civil lawsuits unrelated to this case; and (3) a finding by Judge Stephanie Zaro (Criminal Court Judge, Queens County Criminal Court) in which Judge Zaro deemed Detective Tepperman's testimony not credible in a March 29, 2011 hearing in *People v. Harley Brown*, No. 2010-QN-049622, a case involving the unlawful possession of marijuana. (ECF No. 47.) Defendant opposes the Government's first and third requests but does not contest the second request. (ECF No. 54.) For the reasons that follow, the Government's motion is GRANTED.

## DISCUSSION

District courts have "broad discretion in controlling the scope and extent of cross-examination." *United States v. James*, 712 F.3d 79, 103 (2d Cir. 2013) (quotation marks omitted). Under Federal Rule of Evidence 608(b), a district court may restrict cross-examination

about prior conduct by a witness if it finds that the conduct is not probative of truthfulness.  *See* Fed. R. Evid. 608(a) & (b); Fed. R. Evid. 608(a) Advisory Committee Note ("In accordance with the bulk of judicial authority, the inquiry is strictly limited to character for veracity, rather than allowing evidence as to character generally.").  Even if prior conduct is relevant to truthfulness, a district court may still exclude cross-examination of such conduct under Federal Rule of Evidence 403 if it finds that the "probative value [of the testimony] is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

First, cross-examination on the substantiated CCRB complaint against Detective Tepperman shall be precluded.  The CCRB complaint is not probative of truthfulness.  The CCRB concluded that, as a matter of law, the facts did not establish reasonable suspicion to permit Detective Tepperman to conduct a frisk.  As the Government notes, there was no allegation or finding that Detective Tepperman made any false statement, engaged in any deceptive conduct, or was not credible.  In addition, the probative value of cross-examination on the CCRB complaint is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of undue delay and waste of time.  The probative value of cross-examination is low because the substantiated allegation relates to an incident that occurred on March 12, 2011—more than nine years before the conduct on which Detective Tepperman would testify at trial, i.e., that he recovered the security camera video at issue in June 2020 and took a picture of Defendant's tattoos in August 2020.  The informal and non-adversarial nature of the CCRB investigative process further minimizes the probative value of cross examination of CCRB complaints.  *See, e.g.*, *United States v. Nelson*, 2011 WL

2207584, at *5 (S.D.N.Y. June 3, 2011) (Castel, J.); *United States v. Smith*, 2007 WL 188734, at *1 (S.D.N.Y. Jan. 24, 2007) (Holwell, J.).

Second, cross-examination on the civil lawsuits that have been filed against Detective Tepperman, Detective Stanton, and Officer Sinishtaj shall be precluded. The civil lawsuits contain mere allegations, they have little-to-no probative value, and Defendant does not contend otherwise. *See LSSi Data Corp. v. Time Warner Cable, Inc.*, 892 F. Supp. 2d 489, 502 (S.D.N.Y. 2012) (Engelmayer, J.) (collecting cases).

Third, cross-examination on Judge Zaro's March 2011 credibility finding against Detective Tepperman in *People v. Harley Brown* shall be precluded. In determining the probity and relevance of a prior incident in which a court has criticized a witness's testimony as not credible, courts consider seven non-exhaustive factors: (1) "whether the prior judicial finding addressed the witness's veracity in that specific case or generally"; (2) "whether the two sets of testimony involved similar subject matter"; (3) "whether the lie was under oath in a judicial proceeding or was made in a less formal context"; (4) "whether the lie was about a matter that was significant"; (5) "how much time had elapsed since the lie was told and whether there had been any intervening credibility determination regarding the witness"; (6) "the apparent motive for the lie and whether a similar motive existed in the current proceeding"; and (7) "whether the witness offered an explanation for the lie and, if so, whether the explanation was plausible." *United States v. Cedeno*, 644 F.3d 79, 82-83 (2d Cir. 2011); *see United States v. Cruz*, 894 F.2d 41, 43 (2d Cir. 1990).

Some of these factors militate in favor of allowing cross examination. For example, during the March 2011 suppression hearing, Judge Zaro stated that "I don't find the detective credible with regard to his testimony" and proceeded to "suppress the drugs and [Tepperman's]

statement." (Tr. at 28, ECF No. 54.)  Judge Zaro explained that she did not believe Tepperman's statement because there was "just too much lacking in [Tepperman's] testimony with things that he doesn't remember." (*Id.*)  Further, as Defendants argue, Detective Tepperman's motive to lie in this case may be similar to his motive in the case before Judge Zaro—substituting his own views in place of the law and departmental policy.

These considerations, however, are outweighed by the fact that cross-examination regarding Judge Zaro's finding would create an unnecessary mini-trial about the circumstances of Detective Tepperman's testimony before Judge Zaro over 10 years ago.  The probative value of Judge Zaro's finding is low given the limited nature of Detective Tepperman's expected testimony with respect to authenticating security camera video footage and one photograph.  In light of these circumstances, cross-examination would result in unnecessary confusion, delay, and a waste of time for the witness, the parties, the Court, and the jury.  Cross-examination shall also be precluded because over 10 years have elapsed since Judge Zaro's finding.

## CONCLUSION

For the foregoing reasons, the Government's motion to preclude cross-examination is GRANTED.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 47.


SO ORDERED.

Dated: New York, New York
   July 12, 2021

          /s/ Kimba M. Wood
           KIMBA M. WOOD
        United States District Judge